

**COMP**
**CARLOS RAMOS PACUSSICH**
**PRO SE, LEGAL NOVICE, PLAINTIFF**
**ADA - PROTECTED GROUP MEMBER (PGM)**
**3915 TARA AVENUE**
**APARTMENT #6**
**LAS VEGAS, NV 89102**
TEL:  702.626.3442
EMAIL:  cramospac@gmail.com

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

**DEC 1 0 2018**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

**☐ORIGINAL**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

# 2:18-cv-02340-GMN-NJK

CARLOS RAMOS PACUSSICH
PRO SE PLAINTIFF,

vs.

1.  WESTLAND TARA VISTA, LLC
2.  AF PROPERTIES 2015, LLC
3.  CITY TOWING, INC
4.  QUALITY TOWING
5.  2024 LOSEE PROPERTIES, LLC
6.  URT UNITED ROAD TOWING, INC

**DEFENDANTS**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

INTENTIONAL DEPRIVATION OF
READILY AVAILABLE ESSENTIAL
TRANSPORTATION SERVICES NECESSARY
FOR PHYSICAL HEALTH & MENTAL
HEALTH OF ADA VULNERABLE SENIOR

4th / 5th & 14TH AMENDMENT MULTIPLE
VIOLATIONS - RICO – THEFT / FRAUD -
 INTENTIONAL LIFE ENDANGERMENT -
PSYCHOLOGICAL SADISM ON SENIOR

INFLICTION OF PSYCHOLOGICAL
AND  EMOTIONAL ANGUISH, PAIN,
AND DISTRESS  BY CONTRACT BREACH
OF GOOD FAITH AND FAIR DEALING AS
GROSS MISCONDUCT TO SENIOR IN
"GOOD STANDING" TENANT

FAILURE TO TRAIN AND SUPERVISE
DEPRAVED INDIFFERENCE

**JURY TRIAL DEMANDED**

Undersigned Plaintiff, Carlos Ramos Pacussich, declares under penalty of perjury
the following facts are true and correct to the best of Plaintiff's knowledge and
belief:

# VERIFIED COMPLAINT

Before this Honorable Court comes now Plaintiff Carlos Ramos Pacussich presenting this Verified Complaint for Malicious Abuse of an ADA Vulnerable Senior Citizen Tenant in "*good standing*" at the Apartment Complex Management Company, Westland Tara Vista, LLC.  There was Wanton and Willful RICO Violations of **Theft by Deception** / **Blatant Fraud** / **Derivative Liability as an aider, abettor, and co-conspirator in vehicle theft** with the Codefendants. Additionally, Defendant Westland Tara Vista, LLC must be held accountable under the Legal Theory of Derivative Liability for Intentional Life Endangerment, and Psychological Sadism, as Depraved Indifference to the health and welfare, perpetrated on this Senior Vulnerable Plaintiff, as well as that above described de facto theft by fraud of Plaintiff's life essential transportation vehicle.  It should be well understood that the Theft by Fraud of Plaintiff's life essential transportation vehicle necessitated Plaintiff's purchase of a replacement vehicle.  These multiple Defendants' egregious actions were all in abrogation of the 4th /5th & 14TH Amendments to the United States Constitution, as well as 42 U.S. Code §3001 & NRS 41.1395 & NRS 200.5091 / 200.2092 / ~ 200.50995 also NRS 193.167 that are Violations of Federal and State Public Law / Policy regarding the treatment of Seniors.  As well, the Apartment Complex Management Company, Westland Tara Vista, LLC, allows the other Defendants, Quality Towing Company (City Towing, Inc. / United Road Towing) to engage in conduct, which Westland Tara Vista, LLC, Managers, Supervisors, Lead Personnel **all know or reasonably should know** is the virtual harassment and theft, with an accompanying extortion for substantial cost, exacted from this fixed income, low income senior to retrieve his rightful property, which was legally parked on private property in his Westland Tara Vista, LLC assigned parking spaces.   This Complaint is to receive redress for

a collaborative effort of a purported legal towing, that was precipitated on a Westland Tara Vista, LLC, capricious determination of "unsightly / ugly" which when undisguised is really an apparent, *legal shakedown* of a fixed income, handicapped senior, who is overwhelmed by any litigation cost for property retrieval, and the direct victim of unmistakable RICO violations effecting interstate economic / business.

## CASE SYNOPSIS

1. This Complaint viewed as evidence submitted in a light most favorable to the Plaintiff Pacussich, with the benefit of any reasonable factual inferences that could be drawn in Plaintiff's favor would demand decisions by any Judge in Plaintiff's favor. However Defendants are intransigent and ignore Plaintiff's repeated *Good Faith Efforts* to resolve these issues out of Court; consequently, this Verified Complaint Results.

   - The Plaintiff Pacussich has engaged in pre-dispute resolution such that multiple efforts were made by contacting the Defendants, via personal conversations, a direct letter, and telephone calls.
   - Further the Plaintiff made a Las Vegas Metropolitan Police Department and a Division of Motor Vehicles report regarding the illegal action.

2. Reasonable minds, with knowledge of all the relevant facts presented by Plaintiff Pacussich would conclude, as evidenced by the multiple instances of the Quality Towing Company engaging in the illegal money making expeditions, exclusively on private property, owned by Westland Tara Vista, where Quality Towing Company is even protected, in addition to being sanctioned, by Westland Tara Vista, in a continuing RICO conspiracy,

illegally towing as many vehicles as possible.  Multiple vehicles are towed, such that as many that can be calculated that low-income owners are not going to be in a financial position of recovering.  The vehicles that are not rescued, by their legal owners, processed as virtual theft, from low income seniors, it is genuinely believed that the vehicles are then sold at auction by *Quality Used Cars*, located at the same address as Quality Towing, in a further RICO conspiracy, effecting Interstate Commerce.

3. Specifically the Named Defendants Managers, Supervisors, and Lead Persons of all the Defendants are fully responsible for the unintended consequences, when the unintended consequences, **but not unanticipated consequences**, are precipitated by an illegal action that causes harm to this individual Plaintiff.

4. It is axiomatic that illegal actions, such as those articulated in this Complaint, engender harm to the General Public, and thus qualify as RICO violations impacting interstate commerce.

## PLAINTIFF PACUSSICH PROFESSIONAL CREDENTIALS

Plaintiff, a 79 year old (DOB 1939), ADA Protected white male on **thrice weekly dialysis**.  Pacussich, who, throughout his life, has worked in supervisory positions, thus Plaintiff is acutely aware of the appropriate actions which should have been taken by the entire Defendants' Supervisory Personnel once informed of the impact on the vulnerable Senior Plaintiff.

## INTRODUCTION
## AND
## UNDISPUTED BACKGROUND FACTS

A. Plaintiff Carlos Ramos Pacussich of Las Vegas, Nevada moved his residence from another Senior Apartment Complex, Las Vegas, Nevada to Tara Vista LLC, 3915 Tara Avenue, Apartment 6, and became a tenant on October 1, 2017.  Subsequently, Plaintiff Pacussich was assigned two (2) specifically designated parking areas on the private property of Tara Vista LLC, as an included amenity, in the monthly rent fee.  The specifically designated parking assignment was obtained by getting an assigned area from the named Tara Vista LLC management employee, who personally assigned the numbered area, which was not otherwise made available to the general public because it was the private property of Tara Vista LLC.

B. Later, on or about August 1, 2018, the property was sold to Westland Tara Vista, which continued the existing tenant's rental agreements, of those tenants in good standing, without substantial modification.  Clearly, the only necessary changes, which were requested in writing by the new owners, of those tenants in good standing, were that the rent check be made payable to Westland Tara Vista LLC, and further the new owners requested that each tenant provide a list of their vehicles' information, including their currently assigned parking numbers, when delivering the respective tenant's first rent payment to the new owners.

C. Plaintiff, who timely paid his rent and remained in good standing, had no reason to believe that the assigned amenity parking areas on private property would ever be prohibited in use for any reason, perhaps except for nonpayment of rent and eviction.  Further, neither any rational person, nor Plaintiff Pacussich could be made to believe that Westland Tara Vista would allow Quality Towing to illegally tow Plaintiff's legally parked vehicle, on private property, for any reason.

D. Plaintiff Pacussich came to know Managers, Supervisory Personnel, and Lead Persons through the Tenant rent paying process and repeatedly asked why the vehicle was illegally towed. The only response was "take it up with the towing company", "we have pictures of your vehicle, and it was 'ugly'".

E. Note Well: ***Neither in verbal communication, nor written communication, nor within the lease agreement were there any instructions that a tenant in good standing could not have a registered and insured, "ugly" vehicle parked in one's assigned parking area.***

F. Both Federal and State Public Policy throughout all areas of law require interpretation of the law in accordance with public policy.

- "where situations are created that tend to operate to the detriment of public interest or public policy are void…."
  CF  *Weston Cab Co. v. Kellar, 90 Nev240, 523 P. 2d 842, Appeal Dismissed, Cert. Denied 420 U.S. 914 (1974)*

G. As this Complaint is intended to determine: Tara Vista LLC cannot capriciously determine to have a vehicle towed because it was "ugly" notwithstanding that the vehicle was registered and insured and parked in one's assigned parking area.

## PLAINTIFF PERSONAL BACKGROUND AND RELATED EVENTS

Currently, Plaintiff as a retired 79-year old, is on a fixed/limited income. Consequently, it is, precisely, this limited income that makes Senior Vulnerable Plaintiff Pacussich particularly sensitive and administratively powerless to the egregious abuse perpetrated by the multiple Defendants. It follows that when one is on a limited income, one cannot immediately make available a large amount of money to virtually ***"rescue"*** or retrieve via **RANSOM PAYMENT**, one's vehicle

that was illegally towed (stolen) away.  Anyone in a low income group / fixed income simply forfeits their vehicle, due to the excessive initial towing charges, as well as from the daily outrageously unnecessary accumulating storage charges, precipitated by the illegal towing, and then aggravated by one's virtual, fixed income poverty.  Plaintiff Pacussich's vehicle was parked on private property, not on the public street, but in the assigned numbered spot, which was initially assigned by Tara Vista LLC in 2017 and the official assignment was then subsequently continued and later confirmed by Defendants, Westland Tara Vista in August 2018.

Furthermore, it should be equally understood that the vehicle registration was valid and current only due to expire on November 22, 2018, well after the date it was virtually stolen / illegally confiscated, for all intents and purposes, intended to be RANSOMED back to Plaintiff Pacussich.  It should be well comprehended that the vehicle insurance was valid and current with *The Hartford Insurance Company*. As well, Plaintiff made his timely rent payments, thus he was in "good standing" with the Apartment Complex Management, Westland Tara Vista.  In truth and in fact, Defendants were provided with copies of the Plaintiff's Vehicle Registration and Insurance documents, thus positively proving proper vehicle registration and insurance for any rational mind.  When efforts to retrieve the properly registered and insured vehicle failed, Defendants were then provided with a Letter of Intent to Sue, and repeatedly called multiple times to request the return of said vehicle, which was all ineffective.  As of this writing, Defendants still illegally retain Plaintiff Pacussich's vehicle making Pacussich's daily activities most burdensome and most inconvenient without the use of his illegally impounded vehicle, being held for a RANSOM that Pacussich is unable to pay; consequently Pacussich out of sheer necessity was required to aid in the purchase, by a friend, of an alternative means transportation to attend Plaintiff Pacussich's thrice weekly dialysis.

<u>SIX (6) DEFENDANTS</u>

<u>TWO (2) REGISTERED AGENTS</u>

1. WESTLAND TARA VISTA, LLC
2. AF PROPERTIES 2015, LLC

     REGISTERED AGENT

- PARACORP INCORPORATED
  318 N. CARSON STREET
  SUITE 208
  CARSON CITY, NEVADA 89701

3. CITY TOWING, INC
4. QUALITY TOWING
5. 2024 LOSEE PROPERTIES, LLC
6. URT UNITED ROAD TOWING, INC

     REGISTERED AGENT

- CSC SERVICES OF NEVADA, INC.
  2215 - B RENAISSANCE DR
  LAS VEGAS, NEVADA 89119

<u>CAUSES OF ACTION</u>

<u>AND</u>

<u>SUPPORTING POINTS AND AUTHORITIES</u>

<u>WITH</u>

<u>LEGAL ARGUMENTS</u>

1. **Count 1 –**

   INTENTIONAL DEPRIVATION OF READILY AVAILABLE ESSENTIAL
   TRANSPORTATION SERVICES NECESSARY FOR PHYSICAL HEALTH
   & MENTAL HEALTH OF ADA SENIOR

A. Malicious Deprivation of Readily Available Essential Transportation to go to the Medically crucial Dialysis for Senior Vulnerable Plaintiff, on thrice weekly dialysis sessions, which is Critical for the Physical Health and Mental Health of Senior ADA Plaintiff -

B. All Americans have the fundamental *Due Process Right* to bodily integrity, and have unimpeded access to dialysis, which is protected by the Due Process clause of the Fourteenth Amendment; therefore, when any individual undertakes to inappropriately, maliciously deny the identified emergency need for transportation to attend the dialysis treatments, those individual Companies and LLC's should be required to make a strong legal showing of the necessity for that denial and the appropriateness of their actions; i.e., that the denial was not based on any element of discrimination, capricious action without justification, or any other illegal action.

C. Plaintiff charges that the Defendants simply acted under an inappropriate, malicious based lie of "Right to Tow" a legally parked vehicle from private property, which unintended, but not unanticipated, severely impacted the Plaintiff Pacussich, only because the vehicle was capriciously determined to be "ugly".

D. *NRS 41.1395* – "Abuse" means willful and unjustified infliction of pain and mental anguish or the deprivation of services which are necessary to maintain the physical / mental health of an older person / or vulnerable person.

  • Plaintiff identified himself as having an urgent need for the immediate return of his vehicle in that Pacussich needed to

attend dialysis treatment, which was well known to the
Defendant Companies and LLC's.

E. *42 U.S. CODE §3001*:

"Abuse" means willful and unjustified infliction of pain and mental
anguish or the deprivation of services which are necessary to maintain
the physical / mental health of an older person / vulnerable.

- "The United States Code is a consolidation and codification by
  subject matter of the general and permanent laws of the United
  States."
- "responsibility" … to assist our older people to secure equal
  opportunity to the full and free enjoyment of their elder
  years…. Knowingly acting to impede dialysis treatment is
  egregiously criminal.
  - "Retirement in health, honor, dignity – after years of
    contribution to the economy"
- Plaintiff identified himself as having an immediate need for
  the vehicle to attend the dialysis treatments. Further,
  Pacussich was well known to Defendants, therefore once the
  illegal confiscation of the vehicle was determined, because it
  was fully registered and insured, as well as legally parked in
  the designated parking spot, there was no legitimate business
  reason to deny the immediate return of the Plaintiff's vehicle.
  Only malicious Greed.

F. The Defendant Companies and LLC's, acted with deliberate
indifference to a basic legal right that shocks the conscience, simply
out of greed and the ensuing malicious animus.

G. The Defendants acted in an abhorrent manner, with a very high degree of fault evincing such malice or sadistic behavior based on Defendant's malicious greed ignoring the consequences of the illegal actions towards the Plaintiff Pacussich, such that **sizeable punitive damages are warranted** to stop that very shocking behavior precipitated and occasioned by only avarice / greed.

Basis of Malicious, greed –

- Male
- White
- Senior Handicapped in Urgent Need for Life Critical Dialysis Treatments
- Rejection of unwelcomed demand for the return of the vehicle.

No legitimate basis for denial –

- Plaintiff was / is Tenant and a not security threat, further well known to the Defendant Managers via rent payments and vehicle problem.
- Money and valuables in vehicle (approximately $122.00 USD in clove compartment, a used computer in the vehicle trunk / no sensitive information.
- Pattern and Practice established "selective towing" based on special request of Defendants Westland Tara Vista to Quality Towing.
  - o Permission was granted based on "friends, family, employee likes, employee dislikes, and Defendant's malicious, greed.
  - o This is evidenced by the fact that the vehicles were towed illegally and indiscriminately upon approval of Defendant

Westland Tara Vista; i.e., no absolute policy to prevent abuse or any specific policy of how a vehicle must look.

2. **Count 2** –

4th 5th & 14TH AMENDMENT MULTIPLE VIOLATIONS /
RICO – THEFT / FRAUD

A. One who is denied the most basic of needs to have essential, legally owned, registered, and insured transportation available for medical purposes, by anyone with the power to deny and control the other person's right to medical treatment, then denies or illegally impounds that essential transportation is deliberately intending to physically injure, humiliate and punish the other for some form of identity and power gratification. Plaintiff genuinely believes that there are very psychologically sick Defendants' individual Managers, Supervisors, and Lead Personnel involved in the illegal confiscation of vehicles from low income vulnerable individuals, legally parked spaces on the private property of Westland Tara Vista. All based on a capricious determination of what is "ugly".

B. It should be well understood that the Plaintiff believed that as a Tenant, in Good Standing, paying his rent on time, with the new Management Company, Westland Tara Vista, LLC, that he would be treated with respect and dignity. Plaintiff Pacussich was well known to Defendants.

C. Denial of the right to medical treatment via the capricious confiscation of one's legally owned property is intended to be degrading, humiliating, and intentionally impede essential medical treatment,

which is a clear violation of the legal rights of one's 4th /5th and 14th United States Constitutional Amendment's Rights.

D. NRS 193.167 Plaintiff Pacussich is a vulnerable person due to age and thrice weekly dialysis, who was shockingly the victim of being taken advantage, by the co-conspiracy of Westland Tara Vista and Quality Towing.

E. It is well recognized that Prisoners of War often suffered denial of medical treatment, which places Defendants on an equal level with the most heinous of characters.

### SUB - COUNT 2 - Malicious, Willful, Wanton Abuse of Senior Citizen and Infliction of Psychological Pain as Abuse / Sadism.

A. *Defendants' most important radical aim was to make Plaintiff Pacussich suffer, since there is no greater power over another person than that of inflicting pain on him to force him to undergo psychological suffering without him being able to defend himself or receive administrative relief; i.e. intentional life endangerment while one's essential transportation for medical purposes is being held for virtual RANSOM causing Plaintiff unbearable anguish.*

B. Sexual sadism was named by Richard von Krafft-Ebing[1] after the Marquis de Sade whose acts pair with domination and degradation. It cannot be disputed that the Defendants acted with domination and control of the Vulnerable ADA Senior Plaintiff, after Plaintiff stated his emergency situation. It will be argued by Plaintiff that the Managers, Supervisors, and Lead Personnel of Westland Tara Vista were preoccupied with their own

---

[1] Article Park Eliott Dietz, MD., et.at. "*The Sexually Sadistic Criminal and His Offences*"

self-importance to administratively logically address an easily remediated illegal situation:

- "Sadism: The wish to inflict pain on others is not the essence of sadism.  One essential impulse: to have complete mastery over another person, to make him/her a helpless object of our will, to become the absolute ruler over him.  To become his God, to do with him as one pleases.  To humiliate him.  To enslave him are the means to this end.  *And the most important radical aim is to make him suffer since there is no greater power over another person than that of inflicting pain on him to force him to undergo suffering without him being able to defend himself.*  The pleasure in the complete domination over another person is the very essence of the Sadistic drive."

- Denial of the return of Plaintiff Pacussich's private property vehicle was intended to be degrading, humiliating and a clear violation of Constitutional rights.  While not affording Plaintiff Pacussich Westland Tara Vista logical administrative relief Westland Tara Vista and its Defendant co-conspirators is in egregious violation of multiple laws.

- Further, one could rationally argue that Westland Tara Vista's denial of the Vulnerable ADA Senior Plaintiff's private property return via administrative procedures was intended as a sadistic hate crime warranting a substantial punitive damage award for the malice.

- It is undisputed that the Defendants' Managers, Supervisors, Lead Personnel of Westland Tara Vista derived pleasure in the complete

domination over the ADA Plaintiff which was the very essence of the Westland Tara Vista's Defendants' Sadistic drive.

3. **Count 3** –

INFLICTION OF PSYCHOLOGICAL AND EMOTIONAL ANGUISH, PAIN, AND DISTRESS BY CONTRACT BREACH OF GOOD FAITH AND FAIR DEALING AS GROSS MISCONDUCT TO SENIOR VULNERABLE ADA TENANT IN GOOD STANDING.

A. Wrongful and Unjustified Conduct of the Infliction of Psychological and Emotional Anguish, Pain, and Distress as the Contract Breach of Good Faith and Fair Dealing; i.e., Gross Misconduct to Tenant Pacussich, who was in good standing always making timely rent payments was expecting dignified and courteous service via his rental agreement.

B. Clearly there was an implied contract of trust and confidence from the named Defendants and the reasonable expectation of *Good Faith* treatment in consonance with Nevada Public Policy on the Treatment of ADA Vulnerable Seniors.

C. The denial of the use of the vehicle for medical purposes, the supporting, abject lie that the vehicle was illegally parked or in some way in violation of the lease, was wrongful breach of contract, and conduct motivated by the obstinate indifference to the anguish, pain and distress caused to the Senior Citizen Plaintiff Pacussich demanding the return of his legally parked vehicle.

D. The Plaintiff initially approached the named Defendants respectfully, but was confronted by the Defendant's Abuse of Authority / Misuse of Power intentionally caused the Plaintiff total **humiliation**, the loss of property vehicle use for medical transportation purposes, as well as the distress of

knowing that Plaintiff would have to explain the loss of vehicle to others at the Apartment Complex.

<u>PSYCHOLOGICAL AFFECTS ON PLAINTIFF PACUSSICH</u>

1. Plaintiff Pacussich experienced a ***sense of outrage*** and shame that the named Defendants Manager, Supervisory Personnel, Lead Persons of Westland Tara Vista and its Defendant co-conspirators acted with such malicious abuse of their authority to deny the Plaintiff the Legal Right to park his vehicle on private property, as an amenity of the rental contract, due to malicious and greedy motives.

2. Plaintiff Pacussich experienced ***feelings of guilt,*** in having to explain to his Life Partner that his transportation was towed and there was little he could do.  Plaintiff now has ***fear of comparable situations*** where someone with petty authority can humiliate Plaintiff again virtually stealing the Plaintiff's vehicle and not affording any administrative recourse whatsoever.

   • Plaintiff Pacussich now avoids the named Defendants, so as not to encounter the further, malicious actions.

3. Causation and damage to the Plaintiff were foreseeable in that preventing one's right to have essential, legally owned, registered, and insured transportation critical for medical purposes results in severe emotional turmoil in the mind of Plaintiff.

4. **Count 4 -**
   FAILURE TO TRAIN AND SUPERVISE

A. All the named Defendants breached a legal duty to its Vulnerable Senior ADA tenant in good standing Plaintiff Pacussich and **failed to ensure the enforcement of Nevada Public Policy** that seniors would be treated with courtesy and dignity; i.e., never humiliated, never denied legal rights because of greed, and not have private property taken without rational administrative recourse readily available.

B. All the named Defendants **breached their legal duty** by hiring, retaining, promoting, failing to train and supervise the Manager, Supervisory Personnel, Lead Persons who acted in a malicious manner towards the tenant Plaintiff Pacussich by not immediately returning the vehicle via "in house" administrative relief / procedures.

C. Managers, Supervisory Personnel, Lead Persons denied Plaintiff legal right to retrieve his vehicle for no other reason than greed and incompetence because of improper / no training.

D. Managers, Supervisory Personnel, Lead Persons were **direct cause** of the 79 year old Vulnerable ADA Plaintiff's infliction of *humiliation, sense of outrage, feelings of guilt, fear of comparable situations and loss of the use of vehicle for critical medical needs purposes.*

E. The named Defendants' Managers, malicious, greed caused the Plaintiff's Infliction of Psychological and Emotional Anguish, Legal Rights violations and general mistreatment of a dialysis patient who critically needed his vehicle for essential transportation.

F. The named Defendants' Managers and supervisors even mocked the Plaintiff by stating the following:

- "Pay the money"
- "We don't care if you sue"  "Do what you have to do"

- "You car was ugly, we have pictures"
G. The named Defendants' Managers and supervisors acted with Depraved Indifference to the Physical and Psychological Needs of the Plaintiff Pacussich in violation of Federal and State Public Policy for which they were untrained / unsupervised.

## PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. I have **not** filed other actions in state or federal courts involving the same or similar facts of Deprivation of Essential Transportation Services Necessary for Physical Health and Mental Health of Senior, endangering Plaintiff's life, in this state or any other state.

2. I **have** attempted to resolve this dispute, by speaking to supervisors, writing a letter of Notice of Intent to Sue in Court, as well as making telephone calls and having conversations where all administrative resolution efforts made by the Plaintiff Pacussich were rebuked. As well, Plaintiff's vehicle is still being held for a RANSOM which Pacussich is unable to pay.

3. I declare under penalty of perjury that I will make an immediate offer to settle out of Court upon a reasonable offer of settlement, which takes into account the malicious, sadistic actions of life endangerment, collectively made by the above listed six (6) Defendants.

## REQUEST AND JUSTIFICATION FOR RELIEF

1. Plaintiff believes entitlement to **Exemplary**, **Punitive**, and **Compensatory** relief should be awarded in the amount of $300,000.00 USD, from each and every Defendant, or collectively,

by all six (6) Defendants, for total of $1,800,000.00 USD because of the previously documented (supra, infra) Depraved Indifference to the Physical and Psychological Needs of the Plaintiff Pacussich in violation of Federal and State Public Policy as well as the hateful sadistic actions of all Defendants, in a collective conspiracy as failure to supervise.  Most extraordinary were the nonexistent procedures for administrative relief, in a lack of supervisory oversight endangering the life of Plaintiff; i.e., no administrative protocols by the Defendants for the immediate return of vehicles illegally / mistakenly towed.

- In appalling violation of the 4th / 5th & 14TH Amendments to the United States Constitution, as well as 42 U.S. Code §3001 & NRS 41.1395 & NRS 200.5091 / 200.2092 / ~ 200.50995 equally the penalties of NRS 193.167 prove that the actions are specific Violations of Federal and State Public Law / Policy.

2. Plaintiff Pacussich, who is a vulnerable person due to his age of 79 and his thrice weekly dialysis, was shockingly taken advantage of due to his long-term severe vulnerability.

3. Defendants knowingly, intentionally, willfully and in an unjustified manner, endangered the life of the Vulnerable, ADA Plaintiff.  The Depraved Indifference, extreme malice, and sadism, specifically by the Defendants' Managers, Supervisors, and Lead Persons all who manifested a total disregard of the physical harm, pain and suffering, as well as the emotional humiliation and turmoil, experienced by Plaintiff simply trying to regain his legally parked property, used for essential medical transportation purposes, which was / is being held for RANSOM.

4. Prior to the filing of this Verified Complaint in Federal Court as well as during the preparation of this Verified Complaint, Plaintiff Pacussich tried to reach an administrative out of court settlement, with those responsible for the Plaintiff's pain, suffering, emotional turmoil, humiliation, and gross indignity, precipitated by the very malicious actions of Managers, Supervisors, and Lead Persons but was confronted by multiple spurious excuses from the Defendants who refused to return said property, only stating: "***pay the money, pay the money***".  Again, regrettably, lacking any administrative redress from the Defendants the Plaintiff is *de facto* forced to make this Verified Complaint.

## AFFIDAVIT OF VERIFICATION

I, Carlos Ramos Pacussich am the Plaintiff in the above-entitled action.  I have read the foregoing and know the contents thereof.  The same is true of my own knowledge, except as to those matters, which are therein posited on information and belief, and as to those matters, I believe it / them to be true.

I understand that a false statement in this COMPLAINT will subject me to penalties of perjury.

Further, I declare under penalty of perjury under the laws of the United States of America and the State of Nevada, that the foregoing is true and correct.

## DECLARATION UNDER PENALTY OF PERJURY

The Plaintiff has reviewed the Complaint, supra; the Plaintiff has personal knowledge of the events leading to the Deprivation of Essential Services Necessary for Physical Health and Mental Health of Senior.  The Plaintiff

knows or believes that the events, allegations, causes of action are accurate and knows them / believes them to be true.

I understand that a false statement in this Complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

**JURAT**

STATE OF NEVADA

COUNTY OF CLARK

SIGNED & SWORN TO

BEFORE ME _____ DTD 12/7/18

                    NOTARY

JOEL AYALA
NOTARY PUBLIC•STATE OF NEVADA
Appointment Recorded in Clark County
No: 18-1857-1 Expires March 1, 2022

This Document, Verified Complaint, is respectfully submitted with the unpaid help of long-term, non-attorney, friends, who typed this document, assisted with the legal research, and provided editing and proof reading support.

_____

CARLOS RAMOS PACUSSICH
PRO SE, LEGAL NOVICE, PLAINTIFF
ADA - PROTECTED GROUP MEMBER (PGM)
3915 TARA AVENUE
APARTMENT #6
LAS VEGAS, NV 89102
TEL: 702.626.3442
EMAIL: cramospac@gmail.com

# EXHIBIT 1

# LETTER FROM MANAGEMENT ASSIGNING PARKING PLACES

# Tara Vista Apartments

## *Tara Vista LLC*

**3915 Tara Ave.  #4**
**Las Vegas, NV 89102**
**(702)368-4968**

**6/4/2018**

**Carlos Pacussich**
**3915 Tara Ave   #6**


**Carlos,**
**We have rearranged parking spaces recently.  You now have**
**spaces that are next to each other for your vehicles.  As of**
**today your parking spaces will be #8 and #9. We thank you for**
**your cooperation.**


                                    **TARA VISTA LLC**
                                    **Anthony Perna**
                                    **Property Manager**

# TARA VISTA LLC
# TARA VISTA APARTMENTS

### 3915 Tara Ave.

### Las Vegas, NV 89102

### Phone (702) 368-4968  Fax (702) 796-9839

### taravistacomplex@hotmail.com

# RENTAL LEASE AGREEMENT

LESSEE __CARLOS  PACUSSICH__     DATE __9-26-2017__

LESSEE_____ DATE_____

AGREE(S) TO RENT THE PREMISES,  KNOWN AS TARA VISTA APARTMENTS

UNIT __3915  TARA AVE #__  APT. __# 6__  BY LEASE FOR

ONE (1) YEAR STARTING __10__ / __1__ / __2017__ AND ENDING

__9__ / __30__ / __2018__ WITH THE FOLLOWING TERMS.

THE PARKING SPACE FOR THIS UNIT IS ___11 & 9___.

RENTAL PERIOD:  Rental period shall commence on __10__ / __1__ / __2017__.

Rental fees are $__675.00__ per month.  If the tenant moves . during the month, the first month shall be paid in full and the second month pro-rated for the days the tenant was not in the apartment the first month.  Written 30 day notice to move and full payment of rent is required under the NEVADA REVISED STATUES.

Initial _____

# TARA VISTA APARTMENTS  (2)

**RENTAL AMOUNT AND  DEPOSIT:** The rent on the above premises is

$ ___675.00___ per month.  The rental deposit for the premises is $ ___0___

which consists of a non-refundable cleaning deposit.                Initial _____

**RENTAL DUE DATES:**  Rent is due on the first of each month.  If not paid by the 3rd day of the month, late fees will apply.  A late fee of $35.00 for the first late day and $10.00 each day thereafter will be assessed until paid. If any tenant has a problem and cannot pay by the due day, they must talk to the manager to make arrangements other than the lease agreement. All special arrangements must be approved in writing by the manager.                Initial _____

**RETURNED CHECK FEES AND EVICTION FEE:**  There is a $35.00 return check fee for any returned check, and late charge will accrue from the 4th day of the month. If a 5-day notice is issued to the lessee for non-payment of rent, there will be a $25.00 fee to the lessee.  In addition to this fee, if any eviction is filed with the Justice Court, all court fees and constable fees will be charged to lessee. If a tenant is evicted and does not remove all of his/her belongings, a storage fee, not to exceed the monthly rental fee, will be accessed and must be paid before the belongings are released.                Initial _____

**TENANT INSPECTION OF PREMISES:**  By signing this agreement, the lessee has inspected the premises and certified that it is in good condition at the time of move-in and the lessee has received a copy of the WALK-THROUGH list noting the condition of the apartment prior to move-in.  Lessee agrees to keep the premises clean and in good repair during the tenancy, including all carpets and blinds.

**NOTE:** Lessee is responsible for all general repairs.  If, in the opinion of the manager, there is a buildup of trash, dirty dishes, food lying around or the

# TARA VISTA APARTMENTS  (3)

apartment is in total disarray creating a roach infestation, lessee will be responsible for the treatment by any outside services required to get rid of the problem over and above the managements' normal process of treatment.

Initial _____

**GLASS BREAKAGE:**  All glass breakage is the responsibility of the tenant and will be repaired with-in 24 hours of the occurrence.  If the owner repairs the damage, there will be a labor charge of $20.00 above the billing.  The tenant will pay for the repairs upon presentation by the manager with-in 72 hours.

Initial _____

**LESSEE IDEMNIFICATION:**  Lessee agrees to indemnify and hold lesser and the owner harmless from any liability, claims, losses, damage or expenses, including attorney's fees arising from injury or death of any person.

Initial _____

**LESSEE'S PERSONAL ENJOYMENT:**  Lessee agrees to use these premises as their own personal residence and not allow any other person to sublet or visit over 72 hours without prior written approval of the manager.  Such approval will not be unreasonably withheld.  There will be a $15.00 a day charge to lessee for any and all persons found on or in the premises after 72 hours with no written approval of the manager and will be payable with the following month's rent.

Initial _____

**PET FEE IF APPROVED BY MANAGEMENT:**  There will be NO PETS unless approved by management in writing and a non-refundable pet fee of $. 150.00 for EACH pet is paid in full prior to move-in.  All dogs must be kept on a leash. Tenants must clean up after their pets.

Initial _____

**ONLY COX CABLE IS ALLOWED ON PROPERTY!**

Initial _____

# TARA VISTA APARTMENTS  (4)

**LESSEE IS RESPONSIBLE FOR ALL GUESTS' ACTIONS:**  Lessee agrees to be fully responsible for any and all actions of their guests.  Lessee agrees to keep the premises quiet and not annoy or harass any other parties in the complex.

Initial _____

**LESSEE'S CAR RESPOSIBILITIES:**  Lessee is responsible for maintaining any vehicle in proper operational condition with proper registration or it will be removed at lessee's expense, unless arrangements are made with the manager for a temporary situation not to exceed five (5) days.  Tenant also agrees not to work on any car on the property and must park cars in an assigned area with the front facing the building.  Vehicles are not to be backed into parking spaces.  Guests are to park on the front side of the complex.  (Remember that on ⅰ MONDAYS the street sweeper comes and vehicles parked on Tara Ave. will be ticketed by the city.

Initial _____

**LESSEE AGREES NOT TO ENGAGE IN ANY ILLEGAL ACTIVITIES:**  Lessee will not make, sell or distribute drugs of any kind, legal or illegal anywhere on or near Tara Vista Apartments. Lessee will not allow persons on the property who conduct themselves improperly using foul language, dress in gang or act indecently.

Initial _____

**THESE APARTMENTS ARE PARTIALLY FURNISHED:**  These premises are rented with stove, refrigerator, carpet and window blinds.  Lessee agrees to be responsible for any items missing or broken.  Each apartment has cable and telephone lines available and tenant must maintain these lines in good repair.  If window blinds get damaged or broken, they must be replaced.

Initial _____

# TARA VISTA APARTMENTS (5)

**PLEASE LIST ALL PERSONS' NAMES AND AGES THAT WILL BE RESIDING IN THE APT:**

1. _CARLOS PACUSSICH_ AGE _78_ RELATIONSHIP _SELF_

2. _____ AGE _____ RELATIONSHIP _____

3. _____ AGE _____ RELATIONSHIP _____

*IF ANY ADDITIONAL PERSONS (OTHER THAN THE ONES LISTED ABOVE) ARE FOUND TO BE LIVING IN THE APARTMENT THE RENT WILL AUTOMATICALLY INCREASE BY $50/MONTH PER PERSON for the duration of the lease!*

**I HAVE READ THIS RENTAL AGREEMENT AND AGREE TO EACH OF ITS' PROVISIONS.**

LESSEE _CARLOS PACUSSICH_ DATE _9/26/17_

LESSEE _Anthony C_____ DATE _9/26/2017_

_____ DATE _____
MANAGER/OWNER

+++++++++++++++++++++++++++++++++++++++++++++++++

_$0_____ DEPOSIT

_$675.00_____ 1ST MONTH'S RENT          TOTAL PAID AT MOVE IN
                                            _$675.00_
_$0_____ PET FEE

                                            (REVISED 5/13/2015)

I/We  CARLOS  PACUSSKH  have read and fully understand the above and agree to follow all rules and policies. These policies have been set to give all our valued tenants here at TVA a comfortable place to live with out the common disturbances that occur in other complexes. I/ We are aware that if given three (3) violation notices that I/we will be asked to vacate the premises immediately. Failure to comply will result in legal proceedings.

_____                    _____
SIGNATURE                                                          DATE   9/26/17

_____                    _____
SIGNATURE                                                          DATE

_____                    _____
Agent/Owner                                                        DATE   9/26/2017

**IF RULES ARE ADDED OR CHANGED YOU WILL RECEIVE A (30) THIRTY DAY NOTICE PRIOR TO CHANGES.**

_____                    _____

_____                    _____

_____                    _____

----- If you are evicted from Tara Vista Apts.
You are automatically trespassed from
The property.


----- If you allow someone who has been
Trespassed from Tara Vista Apts.
Inside your Apt. you are also subject
to an eviction.

Management

# EXHIBIT 2

# PROOF
# OF
# REGISTRATION
# AND
# INSURANCE

 **DMV**
dmvnv.com

Department of Motor Vehicles
555 Wright Way
Carson City, NV 89711-0625
(775) 684-4368

**2018** EXPIRES
11/22/2018

| LICENSE NUMBER | YEAR | MAKE | TYPE | CYL | MSRP | FUEL | AXLE | DECLARED WEIGHT | UNLADEN WEIGHT |
|---|---|---|---|---|---|---|---|---|---|
| 440AVK | 2003 | MERC | P4D | 6 | 20120.00 | G | 2 | 0 | 0 |

| VEHICLE IDENTIFICATION NUMBER | MODEL NAME/LENGTH | COUNTY BASED |
|---|---|---|
| 1MEFM50U93G606244 | SABLE GS | CLARK |

| ISSUE DATE | FLEET NUMBER | UNIT NUMBER | FARM/RANCH VEHICLE | DECAL NUMBER | PLATE BACKGROUND |
|---|---|---|---|---|---|
| 11/22/2017 | | | N | 440AVK | SUNSET |

RAMOS-PACUSSICH,CARLOS MANUEL  (REGD)

**RAMOS-PACUSSICH,CARLOS MANUEL**
**3915 TARA AVE APT 6**
**LAS VEGAS NV 89102-0108**





PEEL HERE

**Instructions for applying the
decal to the rear license plate are
on the reverse of this form.**

**PLATES AND REGISTRATION MUST BE RETURNED WHEN NOT OPERATING THE VEHICLE**
Form NVREG04    124991171 - 3087 - 4212

December 3, 2018



Coverage: Auto
Reference Number: 55PHT734485

Carlos Pacussich
3915 Tara Ave Apt 6
Las Vegas, NV 89102-0108

Dear Carlos Pacussich,

Thank you for trusting the AARP Auto Insurance Program from The Hartford to meet your auto insurance needs. We appreciate your business.

We're writing to you to confirm that the following policy is in effect for Carlos Pacussich and that there is no lapse in coverage.

Policy Number: 55PHT734485
Policy Effective Date: May 28, 2015
Policy Expiration Date: May 28, 2019
Description: 2003 MERCURY SABLE GS    VIN 1MEFM50U93G606244, 1999 PLYMOUTH GRN VOYAGER SE E VIN 1P4GP44L7XB850496

If you have any questions, please call one of our customer care representatives at 1-800-423-6789. We are open Monday through Friday from 7 a.m. to 11 p.m., your time and Saturday from 8 a.m. to 6 p.m., Eastern Time.

Sincerely,

The Hartford

P. S. As a reminder, you can log in to thehartford.com/myaccount to securely manage your account, view your policies, pay a bill and more.

This insurance program is underwritten by Hartford Fire Insurance Company and its affiliates, Hartford, CT.
4176879263\551111\1203\NV\5.052\RA

# EXHIBIT 3

# PICTURE PROOF OF MANAGEMENT RELATIONSHIP TO QUALITY TOWING

(*sign placed subsequent to Pacussich towing*)



# EXHIBIT 4

# COPY
# OF
# LETTER
# NOTICE INTENT
# TO
# SUE

CARLOS RAMOS PACUSSICH
3915 TARA AVENUE
APARTMENT #6
LAS VEGAS, NV 89102

Westland Tara Vista Apartments
3820 Pennwood Avenue
Las Vegas, NV 89102

Subject:  Notice of Intent to Sue - Compensatory, Punitive, Exemplary Damages

Issue:  Theft of Motor Vehicle by Quality Towing with Westland Tara Vista acquiescence/conspiracy.

Dear Office Director:

On about Friday November 2, 2018, at approximately 11:00 AM, the undersigned went to the above identified Westland Tara Vista office identified above for the dual purpose of paying the rent and delivering proof that the my Motor Vehicle was legally parked.  The rent money and the documentation that my Vehicle was legally parked were accepted by "Lucy", who informed the undersigned that the Vehicle documentation would be presented to management officials to address the situation, and the return of the car to me.

It should be well understood that the undersigned has been exceedingly patient regarding the illegal confiscation of said Motor Vehicle, in violation of the undersigned's United States Constitution's 4th Amendment Rights.  However, I have now been inconvenienced, virtually harassed by Westland Tara Vista Apartments' lack of action to return said property to its rightful owner.

In conclusion, please be advised that you, collectively, have been fairly noticed regarding the egregious injustice of confiscation of legally parked property on private property, for which I was given permission, both by the former owner as well as the new property owner, yet, you, collectively fail to act to correct this injustice.

I expect the immediate return of property or legal action will be taken.

Respectfully



Carlos Ramos Pacussich